UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY MCCLENDON,

                Plaintiff,                Case No. 2:12-cv-230

v.                                           HON. R. ALLAN EDGAR

PATRICIA CARUSO, et al.,

                Defendants.
_____/

## OPINION & ORDER

      On February 19, 2014, United States Magistrate Judge Timothy P. Greeley entered a Report and Recommendation ("R&R") that defendants' motion for summary judgment be granted if defendants authenticated the documents attached in support of their motion. (Docket #49) In response, defendants filed an affidavit to authenticate the documents. (Docket #51) On March 5, 2014, this Court approved and adopted the R&R, and entered judgment against plaintiff for failure to exhaust administrative remedies. (Docket #53) The plaintiff did not receive a copy of the R&R and was unable to object because he was moved to another correctional facility at the time the R&R was filed and mailed. This Court granted plaintiff's motion for relief, set aside the judgment, and granted plaintiff an opportunity to object to the R&R. (Docket #57) Plaintiff has responded through an "Affidavit of Facts" (Docket #62), "Plaintiffs Motion to Strike Defendants Motion for Summary Judgment For Failure to Exhaust Administrative Remedies" (Docket #63) and a brief in support of the motion (Docket #63).

      Plaintiff failed to exhaust his administrative remedies because three of his Step II grievance appeals were untimely: URF-10-02-0486-17b was filed February 8, 2010, and required a Step II appeal filed by March 11, 2010; URF-10-05-1908-17a was filed on May 13, 2010, and required a Step II appeal filed by June 22, 2010; and URF-10-05-2062-17a was filed on May 26, 2010, and required a Step II appeal filed by June 16, 2010. Plaintiff argues that he was unable to timely appeal because all his personal and state property was removed as a result of being placed "on [suicide] observation for 39 days without any property." (Docket #62: Plaintiff's Objection to R&R) Around this time, plaintiff filed multiple Step I grievances: URF-10-04-1417-12b on April 15, 2010; URF-10-04-145412z on April 19,

2010; URF-10-05-1811-28b on May 12, 2010; URF-10-05-1858-28z on May 14, 2010; and URF-10-06-2399-12b on June 21, 2010.  Plaintiff filed URF-10-02-0486-17b Step II appeal on August 11, 2010.

Making matters more complicated is that plaintiff is unable to provide the exact dates of his observation because, he claims, he does not have access to the files containing this information.  Although plaintiff claims that he was unable to file appeals for three of the grievances he neglects to explain how he was able to file other grievances around this time.  Between the filing of the first grievance and the appeal on the third grievance the only time plaintiff did not file a grievance or appeal for thirty-nine straight days falls between the filing of URF 10-02-0486-17b on February 8, 2010, and URF-10-04-1417-12b on April 15, 2010.  Because the thirty-nine day observation could not have occurred when the appeals for grievances URF-10-05-1908-17a and URF-10-05-2062-17a were due, those appeals were properly denied as untimely.

The final grievance, URF-10-02-0486-17b, is also problematic.  While plaintiff may have been in observation when this appeal was due it is clear that plaintiff could have filed an appeal at least as early as April 15, 2010.  We know this because plaintiff filed grievance URF-10-04-1417-12b that day.  In fact, plaintiff did not file an appeal of his Step I denial until August 11, 2010, almost four months later.  Plaintiff's claims clearly lack merit in the face of the volume of grievances plaintiff did file during the time period he alleges to be unable to appeal.  Accordingly, the Court agrees with Magistrate Judge Greeley's analysis that Plaintiff failed to properly exhaust his claims.

Magistrate Judge Greeley's R&R is APPROVED and ADOPTED as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1) ad W.D. Mich. L. Civ. R. 72.3(b). (Docket #49)  Defendants' motion for summary judgment is GRANTED. (Docket #26)  Plaintiff's case is DISMISSED WITHOUT PREJUDICE. (Docket #12)  A judgment consistent with this Opinion and Order will be entered.

SO ORDERED.

Dated:  9/9/2014  /s/ R. Allan Edgar
R. Allan Edgar
United States District Court Judge